IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00604-FDW

| | |
|---|---|
| WILLIAM L. THOMPSON, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| FNU DIAMOND, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who is presently housed in the Albemarle Correctional Institution which is located within the Middle District. Prior to his transfer, Petitioner was housed in the Lanesboro Correctional Institution in this District.

In his complaint, Plaintiff alleges that on April 28, 2015, Defendant Diamond, who was a correctional officer at Lanesboro, confiscated his sunglasses and they were not returned for two and a half months and this caused him pain. Plaintiff is seeking monetary damages and asks that Defendant Diamond be relieved from his responsibilities as an officer.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In

1

conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and was so at the time that he filed his complaint. Accordingly, Plaintiff is bound by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, state prisoners must complete a three-step administrative remedy procedure (the "ARP") in order to properly exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (discussing the ARP).

Plaintiff alleges that his sunglasses were taken on April 28, 2015, and they were not returned for two and half months. According to the website of the North Carolina Department of Public Safety, Plaintiff was transferred from Lanesboro Correctional to Albemarle Correctional on December 1, 2015. In his complaint, Plaintiff admits that he did not file a grievance to complain about his sunglasses while at Lanesboro and he claims that there are no grievance procedures at Albemarle.[1] (3:15-cv-00604, Doc. 1 at 3). But transfer will not excuse compliance with the PLRA and the Court notes that in any event more than seven months have elapsed since Plaintiff suffered his alleged deprivation of sunglasses therefore he had sufficient time to file a grievance while at

---

[1] This assertion that Albemarle Correctional is exempt from the grievance process is baseless as the North Carolina General Assembly requires all prison facilities under the control of the Division of Adult Correction of the Department of Public Safety to allow prisoners to participate in the ARP. See N.C. Gen. Stat. §§ 148-118.1.

Lanesboro. See, e.g., Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002) ("The fact that [plaintiff] happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust administrative remedies before filing suit."); Flourney v. Schomig, 152 F. App'x 535, 537 (7th Cir. 2005) (same).

Based on the foregoing, it is plain that Plaintiff failed to exhaust his administrative remedies, or even file a grievance, prior to filing the present complaint and it will therefore be dismissed.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**SO ORDERED.**

Signed: December 14, 2015

Frank D. Whitney
Chief United States District Judge